769 F.2d 756
 Willard A. BRONGER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Frank E. KACPROWICZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
Albert J. VEVERKA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal Nos. 83-1349, 83-1350 and 83-1376.
 United States Court of Appeals,
Federal Circuit.
 Aug. 1, 1985.
 
 Carl H. DeBroux, N. Aurora, Ill., argued for petitioners.
 Helene M. Goldberg, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Mary Mitchelson and Thomas W. Petersen.
 Before MARKEY, Chief Judge, FRIEDMAN, RICH, DAVIS, BALDWIN, KASHIWA and BENNETT, Circuit Judges, MILLER,* Senior Circuit Judge, and SMITH, NIES, NEWMAN and BISSELL, Circuit Judges.
 NIES, Circuit Judge.
 
 
 1
 These consolidated appeals are from a decision of the Merit Systems Protection Board (MSPB) upholding the denial by the Office of Personnel Management (OPM) of petitioner's early retirement claims under 5 U.S.C. Sec. 8336(e) (1976). The appeals were originally decided by a three-judge panel which, by a two-to-one majority, reversed the decision of the MSPB. 740 F.2d 1552 (Fed.Cir.1984). The government filed a petition for rehearing and a suggestion for rehearing in banc, which was stayed pending the outcome of the Supreme Court's review of Lindahl v. Office of Personnel Management, 718 F.2d 391 (Fed.Cir.1983) (in banc), involving a question of the subject matter jurisdiction of this court which was pertinent to these appeals. The stay was vacated, and the court voted to review the merits of these appeals in banc, upon the issuance of Lindahl v. Office of Personnel Management, --- U.S. ----, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), in which the Supreme Court held that an appeal from the decision of the MSPB on certain aspects of a civil service retirement claim could be taken directly to this court. These appeals present an issue of statutory interpretation, which is one type of issue held to be within the jurisdiction of this court under 28 U.S.C. Sec. 1295(a)(9) and 5 U.S.C. Sec. 7703(b)(1). Id. 105 S.Ct. at 1633.
 
 
 2
 Specifically, the issue is whether, under 5 U.S.C. Sec. 8336(e), petitioners' time in the military in assignments having air traffic control duties is creditable as "years of service" toward early retirement from a civilian position as an air traffic controller. Having considered the positions of the parties and the panel decision, the court, in banc, holds that OPM properly refused to credit petitioners' military service in calculating their eligibility under Sec. 8336(e) for early retirement. Accordingly, we affirm the denial of petitioners' claims.
 
 Background
 
 3
 On August 3, 1981, the Professional Air Traffic Controllers Organization (PATCO) called a nationwide strike of air traffic controllers employed by the Department of Transportation, Federal Aviation Administration (FAA). The FAA responded by taking appropriate steps to remove those controllers believed to be strike participants.[1] However, controllers who were eligible for retirement at that time were given the option of voluntarily retiring, thereby avoiding disciplinary proceedings. Because the FAA considered the petitioners in these appeals to be ineligible for retirement by reason of an insufficient number of years of service, the option of retirement was foreclosed to them by FAA, and petitioners were removed from their positions in adverse action proceedings. Petitioners subsequently requested and received lump-sum distributions of their respective retirement contributions.
 
 
 4
 After removal, petitioners applied to the Office of Personnel Management (OPM) for early retirement benefits under 5 U.S.C. Sec. 8336(e) (1976) which provides:
 
 
 5
 (e) An employee who is voluntarily or involuntarily separated from the service, except by removal for cause on charges of misconduct or delinquency, after completing 25 years of service as an air traffic controller or after becoming 50 years of age and completing 20 years of service as an air traffic controller, is entitled to an annuity.
 
 
 6
 At the time the claims for annuities were filed, each petitioner was under 50 years old and had approximately 23 years of service in a civilian position as an FAA air traffic controller. In addition, prior to employment at the FAA, each petitioner had served approximately three years in the military, presumably as an "air traffic controller."[2]
 
 
 7
 OPM denied the claimed benefits on the grounds that petitioners: (1) did not meet the minimum "years of service" requirement, and (2) had been separated for cause. Petitioners sought review before the MSPB, which affirmed OPM's decision on the ground that petitioners were ineligible under Sec. 8336(e) because they had been removed "for cause." On appeal to this court, however, OPM concedes that refusal on the ground that petitioners were removed for cause would result in disparate treatment of petitioners vis-a-vis other controllers who were given the option of retirement. Accordingly, OPM now relies solely on its alternative position, i.e., that petitioners' military service does not count as "years of service" toward early retirement from a civilian air traffic controller position.
 
 Analysis
 
 8
 The pertinent statute, 5 U.S.C. Sec. 8336(e), quoted supra, provides, inter alia, for early retirement benefits to an employee under 50 years of age upon completion of "25 years of service as an air traffic controller." The term "air traffic controller" is defined in 5 U.S.C. Sec. 2109(1) (Supp. IV 1980) to mean "an employee of the Department of Transportation or the Department of Defense who ... is actively engaged in the separation and control of air traffic...."; "employee" is defined in 5 U.S.C. Sec. 2105(a) (1976) to mean an individual "appointed in the civil service "; and "civil service" is defined in 5 U.S.C. Sec. 2101 (1976) to exclude "uniformed services," i.e., military service. Thus, under a literal reading of the statute, the years of service requirement in Sec. 8336(e) relates to service in a civilian position with the Department of Transportation or the Department of Defense.[3] There is no military position that meets the requirements for "service as an air traffic controller" under the statute.
 
 
 9
 The petitioners, nevertheless, assert that military service involving air traffic control duties should be credited in view of 5 U.S.C. Sec. 8331(12) (1976), which provides that "service means employment creditable under Sec. 8332." 5 U.S.C. Sec. 8332(c) (1976) provides, in pertinent part:
 
 
 10
 (c) Except as provided by subsection (d) of this section, an employee or Member shall be allowed credit for periods of military service before the date of the separation on which title to annuity is based.
 
 
 11
 Originally petitioners asserted that the above provision required inclusion of any and all years in the military in computing years of service for early retirement under Sec. 8332(c). However, in view of the specific limitation in Sec. 8336(e) that early retirement is available only after "25 years service as an air traffic controller," (emphasis added) this argument is clearly untenable. Petitioners now assert the position of the Bronger panel which devised a limitation restricting creditable military service under Sec. 8332(c) to "military service as controllers." 740 F.2d at 1558. Regardless of the merits of this retirement plan, neither the statute itself nor the legislative history justifies such an interpretation. If Congress had intended that military service in a position comparable to civilian air traffic controller be counted as "years of service" toward early retirement, one would expect that Congress would have provided either a limitation in Sec. 8332(c) on the type of military service to be counted or would have specified in Sec. 8336(e) to include time in the military as an "air traffic controller" within "years of service." Congress did neither.
 
 
 12
 Similarly, the legislative history, after noting that controllers enter the civil service "often after military service," gives no indication that military service is to count in computing eligibility years for early retirement. S.Rep. No. 774, 92d Cong., 2d Sess. 3, reprinted in 1972 U.S.Code Cong. & Ad.News 2287, 2289.
 
 
 13
 Thus, with no conflicting provision in the statute and no expression by Congress of a contrary intent, there is no basis for departing from the precise definitions set forth in Secs. 2101, 2105(a) and 2109(1) which limit creditable years to those accumulated in a civilian position.
 
 
 14
 Analogous early retirement benefits are provided for firefighters and law enforcement officers in subsection (c)(1) of the same section that we are construing here, Sec. 8336.[4] A person retiring from a civilian position of "law enforcement officer," who previously served in the military police, has a claim equally as valid as those of air traffic controllers. Again, the legislative history for this provision, and that of its predecessor, gives no indication that years in the military count as time in service towards early retirement. In the Federal Personnel Manual Supplement 831-1, subch. S9-3 at 28.02 (September 30, 1975), the following explanation was given with respect to crediting military service under Sec. 8336(c)(1):
 
 
 15
 f. Crediting of military service under the special provision. (1) The law contemplates 20 years of civilian service in a law enforcement officer or firefighter position. Military service, even though it may have been law enforcement officer or firefighter work, may not be counted in determining the 20-year period. However, after the minimum period has been established, military service is creditable in computing the annuity rate. [Emphasis added.]
 
 
 16
 (2) Periods of military service during which the employee is on furlough from a civilian position may be counted as civilian service. Therefore, an employee serving in a law enforcement officer or firefighter position who goes on military furlough will be credited with the military furlough period in computing the 20-year minimum.
 
 
 17
 The same explanation has continued to date, FPM Supp. 831-1, subch. S9-3 at 36 (Feb. 29, 1980), but with an emphasis added to the word "civilian" in the first sentence of f. (1). This interpretation was upheld by the MSPB in Bell v. Office of Personnel Management, 22 M.S.P.R. 43, 44-45 (1984):
 
 
 18
 The record supports the agency's position that the appellant's military service as a law enforcement officer may not be credited toward the minimum service requirements of 5 U.S.C. Sec. 8336(c)(1), and that 20 years of civilian service in that capacity are required.... 5 U.S.C. Sec. 2101(1) excludes the "uniformed service" from that title's definition of the "civil service." Although a broader interpretation of the term "law enforcement officer" in 5 U.S.C. Sec. 8336(c)(1) undoubtedly would increase the number of older employees entitled to retire under that provision, the plain language of the statutory provision cited above indicates that Congress did not intend to extend early-retirement benefits to all law enforcement officers over the age of 50, or even to extend them to all of those employees whose military and civilian service as law enforcement officers totalled 20 years of service.
 
 
 19
 Military service by air traffic controllers, firefighters, and law enforcement officers is not unrewarded, however. Under Sec. 8339(a), such service may increase the financial benefits that those with the requisite years of civilian service will receive upon early retirement. Also, such service will count as time towards regular retirement, e.g., as part of the 30 years of service generally required for government employees in 5 U.S.C. Sec. 8336(a). Moreover, no special kind of military service is necessary for either benefit.
 
 Conclusion
 
 20
 In sum, the statutory interpretation of Sec. 8336(e) given by OPM has been consistent since enactment in 1972 and is also consistent with its interpretation of the parallel provision in Sec. 8336(c). In view of the absence of conflicting or ambiguous provisions in the statute or at least some indication that Congress intended another interpretation, this court may not depart from a literal reading of the statute. Accordingly, we affirm the decision of the Merit Systems Protection Board upholding OPM's denial of each petitioner's claim to early retirement benefits.
 
 
 21
 AFFIRMED.
 
 
 22
 DAVIS and SMITH, Circuit Judges, dissent.
 
 
 
 *
 Judge Miller assumed senior status effective June 6, 1985
 
 
 [1]
 See Schapansky v. Department of Transportation, FAA, 735 F.2d 477 (Fed.Cir.1984) for a discussion of the events surrounding the strike and the removal of FAA air traffic controllers
 
 
 [2]
 Petitioners' discharge papers designate their specialties by number and/or title. For example, Bronger's reads "27250--Air Route & Appr Control Opr."
 
 
 [3]
 The conclusion that the statute means civilian service makes petitioners' remaining arguments comparable to those rejected in Tirado v. Department of the Treasury, 757 F.2d 263 (Fed.Cir.1985) (military service does not count towards disability retirement under 5 U.S.C. Sec. 8337(a) (1982), which requires five years of civilian service)
 
 
 [4]
 5 U.S.C. Sec. 8336(c)(1) (1982) reads:
 (c)(1) An employee who is separated from the service after becoming 50 years of age and completing 20 years of service as a law enforcement officer or firefighter, or any combination of such service totaling at least 20 years, is entitled to an annuity.