## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES C. PARKER,
          Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
          Agency.

DOCKET NUMBER
DC-0842-15-0928-I-1

DATE: September 8, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James C. Parker</u>, Woodbridge, Virginia, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the denial of his application by the Office of Personnel Management (OPM) for Federal Employee Retirement System (FERS) law enforcement officer (LEO) retirement benefits. Generally, we grant petitions such as this one only in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's arguments regarding his service with the Department of the Treasury, Bureau of Engraving and Printing (BEP) and his military service deposit, we AFFIRM the initial decision.

## BACKGROUND

¶2　　The appellant's former employing agency, the Transportation Security Agency (TSA), removed him from his position as a Federal Air Marshal (FAM) on May 12, 2014, for failure to follow policy and leave procedures. Initial Appeal File (IAF), Tab 11 at 24, Tab 16, Initial Decision (ID) at 2 n.1. The appellant, who was 51 years old at the time of his separation from employment, filed an application for immediate retirement with OPM. IAF, Tab 7 at 6, 17, 30-33, 35.

¶3　　OPM issued a decision on October 31, 2014, denying the appellant's retirement application. *Id.* at 17. The appellant filed a Board appeal of that decision, which the administrative judge vacated and remanded to OPM for further consideration of the appellant's claims and proper notice of his

reconsideration rights.  *Parker v. Office of Personnel Management*, MSPB Docket No. DC-0842-15-0230-I-1, Initial Decision at 1-2, 8-10 (Apr. 14, 2015).

¶4          In a new June 1, 2015 reconsideration decision, OPM denied the appellant's retirement application, finding that he lacked the necessary creditable LEO service for LEO retirement, that he was ineligible for a deferred retirement because he had not yet reached age 62, and that his military service was not creditable towards his deferred annuity calculation because he had not paid his military deposit in full.  IAF, Tab 7 at 6-8.  Specifically, OPM determined that the appellant was ineligible for LEO retirement under 5 U.S.C. § 8412(d) because, while he had a total of 19 years and 12 days of creditable Federal service, he had earned only 11 years, 9 months, and 22 days of creditable LEO service, from July 21, 2002, to May 12, 2014, through his LEO-designated positions with the Department of Transportation, Federal Aviation Administration, and TSA.  *Id.* at 6-7.  OPM found that the remaining 7 years, 2 months, and 20 days of Federal service did not count as LEO service because he had earned it while in a non-LEO position with the Department of the Treasury, BEP, from May 1, 1995, to July 20, 2002.  *Id.*  OPM also did not credit his military service as LEO service.  *Id.* at 6, 22.  OPM then apprised him of his appeal rights.  *Id.* at 8.

¶5          The appellant filed this appeal, alleging that OPM committed harmful error by denying him his requested LEO retirement benefits.  IAF, Tab 1 at 2.  He claimed that he was entitled to retire under 5 U.S.C. § 8412(d) because his prior service in the military, from November 1981 to June 1992, may be tacked onto his civilian LEO service.  IAF, Tab 1 at 2, Tab 10 at 1-2, ID at 2-5.  In support, he first argued that his Individual Retirement Record (IRR), which "certified" his service computation date (SCD) as October 18, 1984, conclusively proved that his military service and all of his civilian Federal employment was creditable LEO service.  IAF, Tab 1 at 2, Tab 11 at 8-9, 11.  Second, he claimed that while on active duty with the Department of the Air Force, he was a qualifying Federal

employee because he was working for a Federal agency within the Executive Branch performing LEO duties. IAF, Tab 11 at 6-7, 10. Finally, he claimed that his military service was creditable because any failure to pay his deposit in full was attributable to agency misrepresentations and, alternatively, that he was not required to pay a military deposit under the Civil Service Retirement System (CSRS) provisions in effect at the time that he served. *Id.* at 7-9. He therefore claimed that he had 29 years, 6 months, and 24 days of creditable LEO service and was eligible for LEO retirement benefits. *Id.* at 8. He asserted that by again denying his LEO retirement application, OPM failed to correct the administrative errors present in the October 31, 2014 reconsideration decision and was violating his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335). IAF, Tab 1 at 2, Tab 11 at 10.

¶6      After considering the pleadings and holding a status conference, the administrative judge determined that the appellant was only raising claims in connection with his denial of LEO retirement benefits under 5 U.S.C. § 8412(d) and restricted the issues on appeal to those claims. IAF, Tab 10 at 1, Tab 15, Hearing Compact Disc, 19:45-20:53 (statements made by the administrative judge); ID at 4 n.3. He further concluded that there were no material facts in dispute as to those claims. IAF, Tab 13 at 2. He therefore limited the hearing to the presentation of oral argument and did not allow the parties an opportunity to present evidence. *Id.* The administrative judge also noted that, although it appeared that the appellant may not be eligible for an LEO retirement benefit because he was removed from his FAM position "for cause," *see* 5 U.S.C. § 8412(d), he did not need to address that issue, IAF, Tab 10 at 2 n.2.

¶7      After holding oral arguments, the administrative judge issued an initial decision, affirming OPM's June 1, 2015 reconsideration decision. IAF, Tab 15; ID at 1, 8. He concluded that the appellant was not an "employee," as required by 5 U.S.C. § 8412(d), while performing his military service because uniformed

service is expressly excluded from the definition of employee for the purposes of FERS retirement.  ID at 7.  He found that the appellant's military service was not creditable LEO service as a result, regardless of the duties performed.  ID at 6-8.  He further found that OPM had not violated the appellant's USERRA rights by denying his application because OPM was precluded as a matter of law from crediting his military service as LEO service.  ID at 7-8.  He did not address the appellant's claims in connection with his military deposit, as he determined that the appellant failed to raise an objection to his order limiting the issues on appeal only to the appellant's entitlement to LEO retirement benefits under 5 U.S.C. § 8412(d).  ID at 4 n.3.

¶8      The appellant has filed a petition for review, claiming that TSA, OPM, and the administrative judge wrongfully denied his request for FERS LEO retirement because he earned enough LEO service credit from his military service and two civilian positions to qualify for LEO retirement under 5 U.S.C. § 8412(d).  Petition for Review (PFR) File, Tab 1 at 5-9.  The appellant also argues that OPM and the administrative judge improperly questioned the accuracy of his IRR and reasserts his military deposit claims.[2]  *Id.* at 6, 8-16.  The agency has filed a pro forma reply.  PFR File, Tab 4.

---

[2] The appellant does not challenge the administrative judge's denial of his request for corrective action under USERRA or his decision to cancel the evidentiary hearing.  We nonetheless discern no error with the administrative judge's determinations on those issues.  *See Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 13 (2004) (finding that the administrative judge had the authority to cancel the evidentiary hearing and to hold oral arguments instead because the appeal solely presented issues of law), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005); *Crawford v. Department of Transportation*, 95 M.S.P.R. 44, ¶¶ 8, 15 (2003) (finding that the agency did not violate the appellant's USERRA rights because it did not deny him a benefit of employment), *aff'd*, 373 F.3d 1155 (Fed. Cir. 2004).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant earned less than 20 years of creditable LEO service.</u>

¶9      As correctly articulated by the administrative judge, under the relevant parts of 5 U.S.C. § 8412(d), an "employee" is entitled to an immediate FERS LEO retirement annuity if at the time of his separation he is at least 50 years of age with 20 years of creditable LEO service or has at least 25 years of creditable LEO service, regardless of his age.  The term "law enforcement officer" is defined, for the purposes of this appeal, as an "employee" with certain types of duties. 5 U.S.C. § 8401(17)(A).   Thus, to meet the years of creditable LEO service requirement, at a minimum, the appellant must have been an "employee," as defined by statute, while performing the service.  For the purposes of FERS retirement provisions, an "employee" is defined by 5 U.S.C. § 2105 and other provisions not relevant to this appeal.  *See* 5 U.S.C. § 8331(1)(A); 5 U.S.C. § 8401(11).  Section 2105 mandates that the appellant be "appointed in the civil service" to qualify as an "employee."  5 U.S.C. § 2105(a).  The term "civil service" does not include positions in the uniformed services, such as the appellant's active duty service with the Department of the Air Force.  5 U.S.C. § 2101.

¶10      As these provisions indicate, as a matter of law, the appellant was not an "employee" while performing his military service.  He therefore was not an LEO while serving in the military, and his military service was not creditable LEO service for the purposes of FERS LEO retirement, even though his later service as a FAM was creditable and regardless of whether he paid his military deposit in full.  *See Bell v. Office of Personnel Management*, 22 M.S.P.R. 43, 44-45 (1984) (determining that the appellant's military service as a law enforcement officer could not be credited toward the minimum service requirements of 5 U.S.C. § 8336(c)(1)); *see also Bronger v. Office of Personnel Management*, 769 F.2d 756, 758-60 (Fed. Cir. 1985) (finding that the appellant's military

service could not be tacked on to his 23 years of creditable service as a civilian air traffic controller for purposes of early retirement under 5 U.S.C. § 8336(e)).[3]

¶11    Moreover, even if the appellant's 7 years, 2 months, and 20 days of service as a BEP Police Officer were creditable LEO service, as the appellant appears to argue, he still would have fewer than 20 years of creditable LEO service earned from his two civilian positions. PFR File, Tab 1 at 10. We therefore agree with the administrative judge that the appellant lacks the 20 years of LEO service required by 5 U.S.C. § 8412(d) to be eligible for LEO retirement.[4] ID at 6; *see Bell*, 22 M.S.P.R. at 44-45.

The appellant's IRR does not prove that he is entitled to have his military service credited as LEO service.

¶12    As alleged, the appellant's IRR shows that his SCD is October 18, 1984. IAF, Tab 7 at 39. In addition, the appellant's FERS personal benefits statement

---

[3] The Board may rely on CSRS case law in analyzing FERS determinations, as the statutes, regulations, and case law generally are parallel. *See Bingaman v. Department of the Treasury*, 127 F.3d 1431, 1433-34 (Fed. Cir. 1997) (noting the similarities between the LEO requirements under CSRS and FERS). *Compare* 5 U.S.C. §§ 8331(1), (20), 8336(c)(1), (e), *with* 5 U.S.C. §§ 8401(11), (17), 8412(d).

[4] Thus, we modify the initial decision to find that we need not resolve the appellant's apparent claims that his BEP service was creditable LEO service because, as set forth above, it does not affect the outcome of the instant appeal. However, the record reflects that BEP did not designate his position as an LEO position. IAF, Tab 11 at 18, 26. Should the appellant wish to challenge the designation or apply for LEO credit based on the actual duties performed in that position, he may pursue such a challenge through BEP's administrative process. *See Hamilton v. Department of Defense*, 80 M.S.P.R. 636, ¶¶ 5-6 (1999) (stating that an employee may qualify for LEO retirement credit either by serving in a position that has been approved as such or by applying for LEO credit and proving to his employing agency that he is entitled to LEO retirement credit); 5 C.F.R. §§ 842.801(b) (setting forth OPM's delegation of authority to agency heads to designate positions as LEO positions), 842.803(a)-(b) (indicating that the employing agency determines whether a position is an LEO position), 842.804(c) (listing the requirements for challenging an agency's LEO designation). The Board has the authority to review the agency's determination. *Hamilton*, 80 M.S.P.R. 636, ¶ 4. However, if an employee in a non-LEO designated position does not seek such a determination within 6 months after entering the position or after any significant change in duties, the agency's determination that the service is not so covered is presumed to be correct. *Id.*, ¶ 6; 5 C.F.R. § 842.804(c).

from January 3, 2010, identifies an SCD of October 18, 1984, for "6C/ECBPO Retirement" and "FERS LEO/FF (Code M)" retirement coverage, and his removal Standard Form 50 lists the same SCD. IAF, Tab 7 at 35, Tab 11 at 27. We nonetheless disagree with his claims that OPM and the administrative judge must accept these documents as conclusive evidence of his prior LEO service, especially because the personal benefits statement was certified by the agency in his IRR. PFR File, Tab 1 at 9-16.

¶13  Under U.S. Court of Appeals for the Federal Circuit and Board case law, OPM and the Board may review the accuracy and completeness of the determinations and certifications made by the employing agency in an appellant's IRR. *Lisanti v. Office of Personnel Management*, 573 F.3d 1334, 1338-40 (Fed. Cir. 2009); *Conner v. Office of Personnel Management*, 120 M.S.P.R. 670, ¶ 6 (2014), *aff'd*, 620 F. App'x 892 (Fed. Cir. 2015). The Board and nonprecedential Federal Circuit case law finding to the contrary, and on which the appellant relies, is not the prevailing law. PFR File, Tab 1 at 9-10; *see Lisanti*, 573 F.3d at 1339-40 (overruling Board and nonprecedential Federal Circuit decisions establishing that an employing agency's certified IRR is binding); *Conner*, 120 M.S.P.R. 670, ¶¶ 5-6 (expressly overruling the Board case law relied on by the appellant). Moreover, the Board cannot order the payment of an LEO retirement annuity based on that SCD because, for the reasons explained above, crediting the appellant's military service would contravene FERS retirement law. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 424, 434 (1990) (holding that the Board cannot order the payment of Federal retirement benefits when the statutory conditions for entitlement to those benefits are not met). Therefore, we find no error with the administrative judge's decision not to rely on the SCD listed in the appellant's IRR as the date from which to compute his LEO service credit.

<u>The appellant has shown no reversible error in the administrative judge's decision not to adjudicate his claims relating to his military deposit.</u>

¶14    In his response to the administrative judge's order limiting the issues on appeal to the appellant's entitlement to LEO retirement benefits, the appellant requested that the administrative judge adjudicate his claims as to his military deposit.  IAF, Tab 11 at 9.  Although the administrative judge found otherwise, ID at 4 n.3, when construed liberally, we consider this pro se appellant's response to be an objection to the decision to exclude those arguments.  *See Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 19 (2008) (explaining that the Board construes pro se pleadings liberally).  The appellant reasserts on review his claims concerning his military deposit.  PFR File, Tab 1 at 6, 8-9.  Thus, we modify the initial decision to address the issue of his military service deposit.

¶15    As explained above, the appellant's military service is not relevant for determining his entitlement to LEO retirement benefits.  His military service may be credited towards his length of regular service and annuity computation for deferred retirement, as noted by OPM in its reconsideration decision, if a deposit is made for that service.[5]  IAF, Tab 7 at 7-8; *see Bronger*, 769 F.2d at 760 (noting that, although the appellant's military service could not be tacked on to his civilian air traffic controller service for purposes of early retirement, it may be used to calculate his length of regular service and annuity amount).  Under those circumstances, payment of his military deposit in full may be relevant.  IAF, Tab 7 at 7-8; *see* 5 U.S.C. § 8411(c)(1)(B) (providing that, for the purpose of a FERS basic annuity, creditable service includes post-1956 military service if an

---

[5] The appellant's military deposit also may be relevant for the purposes of determining his eligibility for an immediate retirement annuity under 5 U.S.C. § 8412(a).  *See* 5 U.S.C. § 8411(c)(1)(B).  However, we need not consider that issue because OPM did not address it in its reconsideration decision, and the appellant has not claimed that he is entitled to benefits under that provision.  IAF, Tab 7 at 6-8; *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 10 (2012) (observing that the scope of an appeal involving Federal retirement benefits generally is limited to those matters addressed in OPM's reconsideration decision).

appropriate deposit is made). The appellant, however, is ineligible for a deferred retirement because he has not reached age 62. *See* 5 U.S.C. § 8413(a) (establishing that an employee with at least 5 years of service at the time of his separation is entitled to an annuity beginning at age 62). Thus, he has not shown that the administrative judge's decision to exclude his military deposit claims from consideration, despite his objection, constitutes reversible error. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶16 Accordingly, we deny the appellant's petition for review and affirm the initial decision, as modified, which affirmed OPM's denial of the appellant's application for LEO retirement benefits under 5 U.S.C. § 8412(d).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.