**David B. CRAWFORD, Petitioner,**

v.

**DEPARTMENT OF TRANSPORTATION, Respondent.**

No. 04–3034.

United States Court of Appeals, Federal Circuit.

DECIDED: June 29, 2004.

David B. Crawford, of East Hampstead, NH, pro se.

Kent G. Huntington, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Harold D. Lester, Jr., Assistant Director.

Before NEWMAN and CLEVENGER, Circuit Judge, PLAGER, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

David B. Crawford appeals the decision of the Merit Systems Protection Board,[1] holding that his military service as a cadet in the United States Coast Guard Academy is not creditable for the purpose of calculating accrued leave time in the civil service. The MSPB held that this is not discriminatory treatment under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), codified at 38 U.S.C. §§ 4301–4333. The Board's decision is affirmed.

## BACKGROUND

David Crawford is a civilian employee of the United States Department of Trans-

---

1. MSPB No. BN3443020017–I–1; *Crawford v. Dep't of Transp.,* 95 M.S.P.R. 44 (2003).

portation. Before joining the agency, he retired from the United States Coast Guard after more than 23 years of service. Before entering active duty with the Coast Guard, Mr. Crawford attended the Coast Guard Academy for the full period of 3 years and 11 months. The question is whether Mr. Crawford's cadet time at the Coast Guard Academy is creditable toward service time for leave accrual purposes in his current civilian position. The cadet time, although deemed "active duty" under 38 U.S.C. § 101(21)(D) and "active service" under § 101(24)(A), was not included in Mr. Crawford's retirement calculation, in accordance with 10 U.S.C. § 971(b), entitled "Prohibition on counting service as a cadet or midshipman."

When Mr. Crawford's civilian employment began, the agency included his cadet time in the computation of service time for civilian service purposes. A year later, on December 5, 2000, the Office of Personnel Management issued a letter stating that 5 U.S.C. § 6303 requires that service time not include military cadet service; the OPM directed the Coast Guard to correct the records of all personnel who had been credited with military academy time for civilian service computation purposes. The correction reduced Mr. Crawford's annual leave accrual rate from six hours per pay period to four hours per pay period.

Mr. Crawford appealed to the Merit Systems Protection Board, on the ground that this action violated 5 U.S.C. § 6303(a) and 38 U.S.C. § 4311 (USERRA). The administrative judge held that no statute was violated, and that Mr. Crawford did not establish a discriminatory motive under USERRA because the agency had simply followed OPM's instructions. Mr. Crawford appealed to the full Board. The Board held that there was no discriminatory action that involved the USERRA. The Board viewed the issue as one of allowable

service credit, and held that 10 U.S.C. § 971(b) requires that cadet time not be counted in computation of length of service. This appeal followed.

## DISCUSSION

■ The court may overturn a decision of the Board only when it is 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; 2) obtained without procedures required by law, rule, or regulation having been followed; or 3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Mr. Crawford argues that the agency's action is in violation of the USERRA prohibition of discrimination in employment on the basis of military service. USERRA provides that: "An employer shall be considered to have engaged in actions prohibited ... if the [employee's military service] is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of [the employee's military service]." 38 U.S.C. § 4311(c)(1).

■ To support a claim of discrimination under USERRA it must be shown that the employee's military service was a "substantial or motivating factor" in an employment action. *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001). Mr. Crawford states that by rejecting his claim for service academy credit, the agency took an employment action based on his military service. The Board held, however, that Mr. Crawford was not denied a benefit of employment because of his military service. *See generally Butterbaugh v. Department of Justice*, 336 F.3d 1332, 1336 (Fed.Cir.2003) (USERRA violation re-

quires denial of a benefit of employment due to military service).

 In accordance with 10 U.S.C. § 971(b), credit for length of service does not include time at a military academy:

> § 971 Service credit: officers may not count service performed while serving as cadet or midshipman

> \* \* \*

> (b)—In computing length of service for any purpose, service as a cadet or midshipman may not be credited to any of the following officers:

> \* \* \*

> (3) An officer of the Coast Guard.

In *Horner v. Jeffrey*, 823 F.2d 1521 (Fed. Cir.1987) (en banc) the court held that the words "for any purpose" in § 971(b) prohibits crediting this service academy service for either civil service retirement or military service retirement computations, stating:

> It is equally illogical and unfair to allow a retired military officer who was educated at the public's expense at one of the service academies and who subsequently enters government civil service upon his retirement from the military to receive credit for his military academy time for the purposes of civil service retirement when he could not do so upon retirement from the military.

823 F.2d at 1526. The principle supporting the prohibition against counting military academy time for retirement credit applies with equal force to computation of service time in subsequent civilian employment. Thus OPM correctly construed the statute and precedent in requiring that military academy time not be counted for this purpose.

The Board correctly held that Mr. Crawford was not deprived, by virtue of his military service, of benefits available to others, and that no discrimination claim under USERRA was presented.

*AFFIRMED.*