**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANK PROA,

               Appellant,

       v.

DEPARTMENT OF THE INTERIOR,

           Agency.

DOCKET NUMBERS
CH-4324-18-0185-I-1
CH-752S-18-0188-I-1
CH-1221-18-0363-W-1

DATE: September 7, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frank Proa, Columbia, Missouri, pro se.

Elizabeth Handelsman, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed petitions for review of three initial decisions, all of which dismissed his appeals for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  We JOIN these appeals because doing so will expedite processing without adversely affecting the interests of the parties.  After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.  Therefore, we DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decisions.  5 C.F.R. § 1201.113(b).  We FORWARD the appellant's potential claim under the Veterans Employment Opportunities Act of 1998 (VEOA) to the regional office for adjudication.

## BACKGROUND

¶2      The appellant, who worked as a GS-11 Chemist, submitted a claim to the Department of Labor (DOL) in which he challenged the agency's decision that he was not eligible under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) for employment service credit for the period of time he attended college.  *Proa v. Department of the Interior*, MSPB Docket No. CH-4324-18-0185-I-1, Initial Appeal File (0185 IAF), Tab 1 at 5-6.  On January 25, 2018, DOL determined that he was not eligible for service credit under USERRA.  *Id*.  The appellant filed a Board appeal challenging the agency's decision on January 26, 2018.  0185 IAF, Tab 1.

¶3      On April 2, 2018, without holding his requested hearing, the administrative judge dismissed his appeal for lack of jurisdiction.  0185 IAF, Tab 27, Initial

Decision (0185 ID). She found that the appellant did not allege that his military status or any action he took to enforce a protection afforded to him under USERRA was a factor in the agency's decision to deny him service credit and that, absent an otherwise appealable action, the Board could not adjudicate his discrimination claims. 0185 ID at 4-5. The appellant has filed a petition for review of this initial decision with an accompanying supplement, the agency has responded in opposition to his petition, and the appellant has replied. *Proa v. Department of the Interior*, MSPB Docket No. CH-4324-18-0185-I-1, Petition for Review (0185 PFR) File, Tabs 1-2, 5-6.

¶4    Meanwhile, on January 31, 2018, the appellant filed another Board appeal in which he challenged the agency's decision to suspend him for 14 days. *Proa v. Department of the Interior*, MSPB Docket No. CH-752S-18-0188-I-1, Initial Appeal File (0188 IAF), Tab 1. While the appeal was pending, the agency initially proposed the appellant's removal on March 6, 2018, and then subsequently rescinded the proposal on March 9, 2018. 0188 IAF, Tab 16 at 57-66. On March 28, 2018, the administrative judge also dismissed the appeal challenging the 14-day suspension for lack of jurisdiction. 0188 IAF, Tab 32, Initial Decision (0188 ID). She found that the appellant failed to demonstrate that he was subjected to an action that could be directly appealed to the Board, and that he also did not establish individual right of action (IRA) jurisdiction as he failed to even allege that he filed an Office of Special Counsel (OSC) complaint regarding the matter. 0188 ID at 2-4. The appellant also has filed a petition for review in this appeal, the agency has responded, and the appellant has replied. *Proa v. Department of the Interior*, MSPB Docket No. CH-752S-18-0188-I-1, Petition for Review (0188 PFR) File, Tabs 1, 3-4.

¶5    The agency proposed the appellant's removal again on April 24, 2018. *Proa v. Department of the Interior*, MSPB Docket No. CH-1221-18-0363-W-1, Initial Appeal File (0363 IAF), Tab 1 at 8-18. On April 30, 2018, while his other petitions for review were still pending, the appellant filed a third appeal in which

he challenged the agency's proposed removal. 0363 IAF, Tab 1. In a June 13, 2018 initial decision, the administrative judge also dismissed this appeal for lack of jurisdiction, stating that proposed removals are not personnel actions directly appealable to the Board, the appellant failed to establish jurisdiction to the extent he was attempting to file an IRA appeal because he did not allege or show that he exhausted his administrative remedies regarding the proposed removal with OSC, and that, absent an otherwise appealable action, she could not hear his discrimination claims. 0363 IAF, Tab 10, Initial Decision (0363 ID) at 4-5. The appellant also has filed a petition for review regarding this appeal, the agency has responded in opposition to his petition, and the appellant has replied.[2] *Proa v. Department of the Interior*, MSPB Docket No. CH-1221-18-0363-W-1, Petition for Review (0363 PFR) File, Tabs 1, 3-4.

¶6      The appellant has submitted multiple documents with his pleadings on review in the three appeals, which we have not considered with respect to the appeals in which they were submitted. The documents that the appellant has submitted on review include the following: the proposals to remove him, email correspondence with the agency from 2016 to 2018, agency policies and guidance, including delegating examining policy, departmental policy on category rating, delegations manual, and guidance for editing personnel data, an after-hours sign-in sheet, the decision imposing his 14-day suspension, his response to the proposed removal, a job analysis interview, position descriptions, an evaluation that his position was properly graded, the agency's request for exception to the hiring controls to fill a Chemist GS-1320-09 position for a 4-year term, a January 2018 furlough notice due to the lapse in Federal funding, a letter

---

[2] The agency imposed the appellant's removal on July 17, 2018. *Proa v. Department of the Interior*, MSPB Docket No. CH-0752-18-0504-I-1, Initial Appeal File, Tab 1 at 12-20. The appellant appealed his removal to the Board, and his petition for review of the initial decision affirming his removal is pending and will be resolved in a separate decision.

of warning that the agency issued him on the basis of unprofessional conduct, a May 2017 record of a human resources meeting, the Standard Form 50 reflecting his appointment in August 2013, and the agency's decision imposing his removal. 0185 PFR File, Tab 1 at 26-39, Tab 2 at 4-14, Tab 6 at 7-84; 0188 PFR File, Tab 1 at 26-71, Tab 4 at 7-49; 0363 PFR File, Tab 1 at 8-28, Tab 4 at 4-12.

¶7        The Board will generally not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed below despite due diligence and the evidence contained therein is of sufficient weight to warrant an outcome different from that of the initial decision.  *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016).  We do not consider these documents with respect to the appeals in which the appellant submitted them because they are either not new, or, even if they are new, they are not material to the issue of whether the Board has jurisdiction in the respective appeals.

## DISCUSSION OF ARGUMENTS ON REVIEW

MSPB Docket No. CH-4324-18-0185-I-1

> *We affirm the dismissal of the appellant's USERRA claim for lack of jurisdiction as well as the finding that, absent an otherwise appealable action, the Board lacks jurisdiction over his other claims.*

¶8        The administrative judge correctly found that the appellant did not allege that his military status or any action he took to enforce a protection afforded to him under USERRA was a factor in the agency's action and that, absent an otherwise appealable action, the Board could not adjudicate his discrimination claims.  0185 ID at 4-5.  The appellant reasserts that the agency has violated his rights under USERRA and alleges a violation of the Veterans Employment Opportunities Act of 1998 (VEOA).  0185 PFR File, Tab 1 at 4-5.

¶9        To establish Board jurisdiction over a claim arising under 38 U.S.C. § 4311(a), an appellant must make nonfrivolous allegations of the following:

(1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *See Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017). Here, we agree with the administrative judge that the appellant did not nonfrivolously allege that his military status or any action he took to enforce a protection afforded under USERRA was a factor in the agency's action denying him eligibility for employment service credit for the period he was attending college. 0185 ID at 4. Instead, the appellant alleged that the agency denied him service credit for a period of time during which he attended school, an argument that does not relate to his military status. *Cf. Crawford v. Department of Transportation*, 95 M.S.P.R. 44, ¶ 3 (2003) (citing the administrative judge's finding that the appellant established jurisdiction over his USERRA claim when he asserted that the agency denied him a benefit of employment, i.e., creditable service for leave accrual purposes, *because of his prior military service*) (emphasis added), *aff'd*, 373 F.3d 1155 (Fed. Cir. 2004). Further, any claims that the agency violated his veterans' preference rights do not constitute a nonfrivolous allegation of jurisdiction under USERRA because, to allege a claim of discrimination under USERRA, an employee must allege that he was treated more harshly than non-veterans as opposed to that he was not treated better than non-veterans, as required by VEOA. *See Fahrenbacher v. Department of the Navy*, 85 M.S.P.R. 500, ¶ 18 (2000), *aff'd sub nom.*, *Sheehan v. Department of the Navy*, 240 F.3d 1009 (Fed. Cir. 2001).

¶10    The appellant presents a variety of other arguments, such as that the agency retaliated against him for equal employment opportunity (EEO) activity, engaged in intentional deception, manipulated his position description, and excluded evidence. 0185 PFR File, Tab 1 at 4-23. Further, he asserts that a 27-year-old

was hired for his position thus demonstrating that the agency discriminates against veterans, the evidence underlying his reprimand and suspension are unsubstantiated, the agency failed to properly pay him for all of the hours that he worked and denied him hazard pay, and his duties were improperly reassigned. *Id*. None of his arguments provide a reason for disturbing the dismissal for lack of jurisdiction. Specifically, absent an otherwise appealable action, the Board will not consider the appellant's discrimination and retaliation claims. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871 73 (D.C. Cir. 1982). Further, the appellant's other arguments either constitute mere disagreement with the dismissal for lack of jurisdiction or were not asserted below such that the Board may not consider them. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

> *We forward the appellant's potential VEOA claim to the regional office for further adjudication.*

¶11 Below, and on review, the appellant has asserted that the agency violated his veterans' preference, including assertions that the agency discriminates against veterans by failing to consider their education and experience and that it failed to hire him for position ATL-2014-0720. 0185 IAF, Tab 2 at 17 at 33-40, 45-46, Tab 5 at 16, Tab 14 at 5, Tab 17 at 1; 0185 PFR File, Tab 1 at 5, 7-9, 23-24. When an appellant raises a claim in an appeal either by checking the appropriate box in an appeal form, identifying an affirmative defense by name, such as "race discrimination," "harmful procedural error," or by alleging facts that reasonably raise such a claim, the administrative judge must address the

claims in any close of record order or prehearing conference summary and order. *Gath v. U.S. Postal Service*, 118 M.S.P.R. 124, ¶ 11 (2012). Furthermore, an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the administrative judge did not address the appellant's potential VEOA claim during the initial appeal and did not provide the appellant with the appropriate jurisdictional standard.

¶12    To establish Board jurisdiction over a VEOA veterans' preference claim, an appellant must (1) show that he exhausted his remedy with DOL and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a(a)(1)(A), (d); *Goodin v. Department of the Army*, 123 M.S.P.R. 316, ¶ 8 (2016). Because the appellant has raised what appears to be a potential VEOA claim, we forward it to the regional office for docketing as a new appeal.

MSPB Docket No. CH-752S-18-0188-I-1

¶13    Next, we find that the appellant has failed to provide a basis for disturbing the initial decision in his 14-day suspension appeal. As previously stated, the administrative judge also dismissed this appeal for lack of jurisdiction because she found that the appellant failed to demonstrate that he was subjected to an appealable action and he also did not establish IRA jurisdiction. 0188 ID at 2-4. We agree with the administrative judge that the appellant may only challenge his suspension before the Board if it is more than 14 days and thus the Board lacks jurisdiction over this challenge as a direct Board appeal. 5 U.S.C. § 7512(2); *Cremeans v. U.S. Postal Service*, 88 M.S.P.R. 277, ¶ 5 (2001); 5 C.F.R. § 1201.3(a)(1).

¶14    The appellant also challenges both the prior reprimand and the prior proposed removal and argues that his suspension constituted a reduction in his

pay, he was subjected to a reduction in force (RIF), and the agency manipulated his position description such that he would not qualify for a higher grade. 0188 PFR File, Tab 1 at 10-11, 13, 15, 17, 21, 23. However, as described below, none of these arguments support a finding that the appellant was subjected to an action within the Board's jurisdiction.

¶15        A reprimand is not an action that is directly appealable to the Board. *See* 5 U.S.C. § 7512. Additionally, the Board lacks jurisdiction over actions that were proposed but have not been effected. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1243-44 (Fed. Cir. 1991) (en banc). Further, to the extent that the appellant is challenging his nonselection because of the agency's alleged manipulation of his position description, such a nonselection is generally not appealable to the Board absent another basis for review. *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009). Further, although the appellant has argued that he was possibly subjected to appealable actions such as a reduction in pay or a RIF, he has not provided evidence to support these assertions.

¶16        We also agree that the appellant has not established jurisdiction over this appeal as an IRA appeal. The appellant asserts that the administrative judge failed to consider that he made a protected disclosure to OSC and engaged in protected activity in making the disclosure. 0188 PFR File, Tab 1 at 5-6; *see* 5 U.S.C. § 2302(b)(8),(9)(C). However, to establish jurisdiction in an IRA appeal, absent an otherwise appealable action, an employee must first establish, by preponderant evidence, that he exhausted his administrative remedy before OSC.[3] *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). As the administrative judge stated, the appellant did not prove that he exhausted his administrative remedy prior to filing this appeal and thus the Board lacks

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

jurisdiction over his claim of retaliation for his disclosure and activity.[4]  0188 ID at 3-4.

MSPB Docket No. CH-1221-18-0363-W-1

¶17    As previously discussed, the administrative judge also dismissed the appeal regarding the proposed removal for lack of jurisdiction, stating that proposed removals are not personnel actions directly appealable to the Board, the appellant failed to establish jurisdiction to the extent he was attempting to file an IRA appeal because he did not allege or show that he exhausted his administrative remedies regarding the proposed removal with OSC, and that, absent an otherwise appealable action, she could not hear his discrimination claims.  0363 ID at 4-5. The administrative judge noted that the appellant checked the boxes for the following personnel actions:  removal; reduction in grade or pay; separation, demotion, or furlough for more than 30 days by RIF; denial of within-grade increase; negative suitability determination; other action or decision, "Reductions in Pay and Labeling"; suspension for more than 14 days; furlough of 30 days or less; and failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement.  0363 IAF, Tab 1 at 3; 0363 ID at 2. However, she determined that, because he listed April 24, 2018 as the date that he received the agency's final decision letter, he was referring to the April 24, 2018 proposed removal.  0363 ID at 3; 0363 IAF, Tab 1 at 3, 8-18.  Additionally, she found that the appellant did not produce any evidence that the agency took any of the other actions against him.  0363 ID at 3.

---

[4] The appellant states that the agency is requiring him to make a deposit to receive credit in his annuity for his military service and that its actions have had a negative effect on his retirement savings.  0188 PFR File, Tab 1 at 22-24.  He cites 5 U.S.C. §§ 8331, 8347, 8461, which concern retirement and the Federal Employees' Retirement System. *Id.* at 22.  However, he has not identified any statute, regulation, or other authority that would give the Board jurisdiction over his challenge to either the agency's requirement that he pay the deposit or the effect of its actions on his retirement.

¶18    We agree that the Board lacks jurisdiction over this appeal as an IRA appeal. OSC's March 1, 2018 closeout letter, which was issued prior to the March 6, 2018 and April 24, 2018 proposed removals, reflects the appellant's allegations that the agency discriminated against him on the basis of his status as a veteran and that agency officials refused to allow him to dispose of some acids/mixed waste in the manner he deemed least hazardous. 0188 IAF, Tab 16 at 57-65; 0363 IAF, Tab 1 at 8-18, 39-40. The letter did not provide Board appeal rights. *Id*. Although the appellant contacted OSC, he did not assert that the agency took any personnel actions in retaliation for any protected disclosures or whistleblowing activity. *Id*. Further, OSC issued this letter prior to the proposed removals. Thus, we agree with the administrative judge's decision to dismiss this appeal on the basis that the appellant failed to exhaust his administrative remedy before OSC. 0363 ID at 4-5; *see Clemente v. Department of Homeland Security*, 101 M.S.P.R. 519, ¶ 13 (2006) (finding that the appellant did not exhaust his administrative remedy because he did not allege whistleblower reprisal before OSC with respect to the potential personnel actions he raised in the appeal, which would have given OSC a sufficient basis to pursue an investigation that might have led to corrective action).[5]

¶19    On review, the appellant requests that the Board evaluate the agency's hiring actions and selection process, including its reduction in his grade upon his initial employment, denial of a promotion, and disparate treatment such that he could not qualify for a GS-13/14 position. 0363 PFR File, Tab 1 at 4, 7. However, the Board lacks jurisdiction over claims regarding the proper classification of the appellant's position. *Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 10 (2012). Additionally, absent certain exceptions, the

---

[5] The Whistleblower Protection Act has been amended several times, including by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-19, 126 Stat. 1465. Subsequent changes in the law do not affect the relevant holding in *Clemente*.

Board generally does not have jurisdiction over the nonselection for a specific position. *See Kazan*, [112 M.S.P.R. 390](), ¶ 6.

¶20 The appellant also asserts that the agency has applied RIFs to veterans in employment, grading, and selection. 0363 PFR File, Tab 1 at 4. However, he has not described any such action. He also argues that the agency failed to properly record his schedule, refused to provide him hazard pay, sought to improperly garnish his wages, refused to apply its redress policy, and deducted 4.3 hours from his pay. *Id*. at 4-7. None of these claims refer to appealable actions, and thus, we cannot consider them.[6] *See Maddox v. Merit Systems Protection Board*, [759 F.2d 9](), 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

¶21 Additionally, we agree that, absent an otherwise appealable action, the Board does not have jurisdiction to consider the appellant's claims of discrimination. 0363 ID at 5; *see Wren*, 2 M.S.P.R. at 2. The appellant's remaining arguments, such as his statement that the agency intentionally denied

---

[6] The appellant also argues that his previous suspension actually lasted 19 days because he was not permitted to report to work on the weekend, or 2.5 days prior to the official beginning of the suspension, and he had no email access for a total of 20 days. 0363 PFR File, Tab 1 at 4, 7. In the 0188 appeal, the administrative judge determined that the Board lacked jurisdiction over his challenge to the 14-day suspension as the Board does not have jurisdiction over a suspension that is not more than 14 days. 0188 ID at 2-3. The appellant cannot relitigate this jurisdictional matter, as it was already decided in another appeal. *See Hau*, [123 M.S.P.R. 620](), ¶ 13.

Further, even if we did reconsider the appellant's allegation, we would not find it persuasive. A "suspension" is the temporary placement of an agency employee in a nonpay, nonduty status; this definition covers not just unpaid disciplinary absences but also other types of enforced leave imposed on an employee against his will. *See Engler v. Department of the Army*, [121 M.S.P.R. 547](), ¶ 6 (2014). When, as here, the appellant has not lost pay or a benefit of employment by being prohibited from working on the weekend, the agency has not suspended him during that period. *Id*., ¶ 8 (finding that the agency's switching of an optional day off under a compressed work schedule did not equate to a suspension because the appellant was not losing any pay or benefit of employment by having to take an alternate day off).

him process and records and it owes him a lump sum, do not provide a basis for disturbing this initial decision.[7]   0363 PFR File, Tab 1 at 4-6; *see Crosby*, 74 M.S.P.R. at 106.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[7] To the extent that the appellant is alleging error below regarding the agency's failure to provide records to him, he has failed to describe how any such failure affected the outcome of his appeals.  Thus, this allegation does not provide a basis for disturbing the initial decision.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.